UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRY JACKSON,

        Petitioner,

  v.                                          Case No. 19-cv-828-pp

WILLIAM POLLARD,

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND ORDERING PETITIONER TO PAY FILING BY JULY 17, 2020**

On June 3, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2005 and 2014 convictions in Marathon County Circuit Court. Dkt. No. 1 at 2. The petitioner also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order denies the motion to proceed without prepaying the filing fee, screens the petition under Rule 4 of the Rules Governing Section 2254 Cases and requires the petitioner to pay the filing fee by the end of the day on July 17, 2020 or face dismissal.

**I.    Background**

In 2005, the State of Wisconsin charged the petitioner with three counts of felony bail jumping, one count of operating while revoked and one count of obstructing an officer. See State of Wisconsin v. Terry Jackson, Marathon County Case Number 2005CF00190, available at https://wcca.wicourts.gov. It

1

appears from the publicly available record that the state consolidated the petitioner's 2005 case with four other cases, which included charges of failing to report to the county jail, escape, resisting or obstructing an officer and possessing drug paraphernalia. Id. On April 20, 2005, the petitioner pled guilty to these five crimes and two months later, the judge sentenced the petitioner to two years of initial confinement and three years of extended supervision. Id.

In 2014, the State of Wisconsin charged the petitioner with intimidating a victim by force, strangulation and suffocation, battery and two counts of disorderly conduct. See State of Wisconsin v. Terry Jackson, Marathon County Case Number 2014CF000184, available at https://wcca.wicourts.gov. On April 2, 2015, the petitioner pleaded no contest to one count of intimidating a victim, one count of battery and one count of domestic violence. Id. The court held sentencing the same day and sentenced the petitioner to three years of confinement followed by four years of extended supervision. Id. Although the petitioner checked a box in his petition stating that he did not pursue a direct appeal, dkt. no. 1 at 3, state records reflect that he did appeal his conviction in Case Number 2014CF000184, State v. Terry Jackson, Appeal Number 2016AP001597-CRNM, available at https://wscca.wicourts.gov. The petitioner states that he filed a post-conviction motion in state court, which challenged ineffective assistance of counsel, the voluntariness of his guilty plea, whether the state withheld exculpatory evidence and whether he received an unfair sentence because of the state's failure to disclose evidence. Dkt. No. 1 at 5. He

2

again checked a box stating that he did not appeal this decision to the highest level of the state court. Id. at 6.

A check of Wisconsin's Department of Corrections' Inmate Locator shows that the petitioner is on active community supervision. General Public-Offender Search, WISCONSIN DEP'T OF CORRECTIONS, available at: appsdoc.wi.gov/lop/home.do.

## II. Motion to Proceed Without Prepayment of Filing Fee (Dkt. No. 2)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner filed a motion asking the court to allow him to proceed without prepaying that fee. Dkt. No. 2. The motion stated that the petitioner had no assets. Dkt. No. 2. His trust account statement from May of 2019, however, indicated that he had a balance of over $600. Dkt. No. 3. Because the petitioner had sufficient funds in his prison trust account to cover the $5.00 filing fee at the time he filed the petition, the court will require the petitioner to file his $5.00 filing fee before this case proceeds.

## III. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a).

The court also considers whether the petitioner filed the petition within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). Finally, even if a petitioner has exhausted a claim, the district court may be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.   The Petition

The petitioner lists four grounds for relief: (1) a due process violation resulting from the state's failure to disclose exculpatory evidence; (2) a Sixth Amendment violation of his right to effective assistance of counsel; (3) prosecutorial misconduct; and (4) vindictive prosecution. Dkt. No. 1 at 8. The

4

petitioner claims that he has exhausted his remedies for the sentence he received in 2014CF184 because "he served the sentence and is no longer under that sentence." Id.

The grounds for relief in the petitioner's *habeas* petition generally appear to assert cognizable claims for federal *habeas* relief. See Banks v. Dretke, 540 U.S. 668, 690 (2004) (Brady claim actionable for federal *habeas* relief); see Kimbrough v. Neal, 941 F.3d 879, 881 (7th Cir. 2019) (ineffective assistance of appellate counsel actionable for federal *habeas* relief); Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel); Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) (recognizing due process violation for vindictive sentencing); Richardson v. Briley, 401 F.3d 794 (7th Cir. 2005) (recognizing a prosecutorial misconduct claim falling within a generalized due process violation claim).

It is not clear, however, that the petitioner has exhausted his remedies. A petitioner exhausts his state court remedies by presenting his claims to each level of the state court system for one full round of review—not by serving the sentence imposed. O'Sullivan, 526 U.S. at 848. It's not clear whether the petitioner fully and fairly presented his claims to the Wisconsin state courts—the court does not have copies of the petitioner's direct appeal or his state post-conviction motion. But because procedural default is an affirmative defense, Washington v. Boughton, 884 F.3d 692, 698 (7th Cir. 2018), the court will not make a definitive determination at this time. It will give the petitioner a chance to pay the filing fee. If he does so, the court will set a deadline for the

5

respondent to respond, at which point the respondent is free to argue failure to exhaust.

The court also has concerns relating to the timing of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d). Subsection (2) of the statute allows tolling of the one-year time period for properly filed state post-conviction motions. 28 U.S.C. §2244(d)(2).

The petitioner's 2014 convictions appear to have become "final" for purposes of federal *habeas* review when the petitioner's direct appeal concluded—in 2016. It appears that the petitioner filed for post-conviction relief in the Wisconsin state courts in 2019. Even if the court excludes the time while the petitioner's state post-conviction relief was pending, it appears the petitioner is well past his one-year limitation period. Nonetheless, the court will

6

not dismiss the case at this time. AEDPA's statute of limitations is an affirmative defense, Day v. McDonough, 547 U.S. 198, 203 (2006), which can be waived if not raised by the respondent. Id. Again, rather than dismissing the case now, the court will give the petitioner a chance to pay the filing fee. If he does so, the court will require a response from the respondent.

### III. Conclusion

The court **DENIES** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that by the end of the day on **July 17, 2020**, the petitioner must pay the full filing fee of $5.00 to the clerk's office. For instructions on how to pay that fee, the petitioner may consult the court's web site at https://www.wied.uscourts.gov/making-payments.

If the court does not receive the $5.00 filing fee in full by the end of the day on July 17, 2020, the court will dismiss this case on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 16th day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**